[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#202)
The present action was commenced on January 10, 1995. The plaintiff filed a revised complaint on December 1, 1995. Subsequent to the that, the plaintiff filed a second and third revised complaint citing in two additional defendants.
On January 12, 1996, the plaintiff filed a motion for default against the defendant, Robert Young, for failure to plead. On January 18, 1996, the plaintiff filed a claim for a hearing in damages as to Mr. Young. Mr. Young filed an answer and special defenses on February 1, 1996. The plaintiff now moves for dismissal of the defendants answer and special defenses on the ground that the defendant, Mr. Young, was in default and did not move to set aside the default. As such, the plaintiff argues, the filing of the answer and special defenses was procedurally improper.
Practice Book § 363A sets forth the following procedure where a defendant is in default for failure to plead:
 Where a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.
 If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the court, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court.
In the present case, the plaintiff filed a motion for default against the defendant, Robert Young, for failure to plead on January 12, 1996. Under the rules of practice as set forth above, entry of a default can be made automatically without the need for the motion to placed on the short calendar. In this case, default entered on January 12, 1996. On January 18, 1996, the plaintiff, filed a claim for a hearing in damages. Therefore, the filing of an answer does not automatically set aside the default and it CT Page 4594 would be up to the court's discretion to set aside the default.
It is noted at the outset that the defendant has not, to date, filed a motion to set aside the default. To open the default, the defendant must file a motion with the court pursuant to Practice Book § 376. Practice Book § 376 provides in relevant part that "[a] motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose. As part of its order the court may extended the time for filing pleadings or disclosure in favor of a party who has not been negligent." Id.
The defendant's answer and special defense are not properly before the court as the defendant was in default at the time the pleading was filed. Therefore, the motion to dismiss is unnecessary as there is nothing properly before this court. SeeBirnberg v. Bachelder, Superior Court, judicial district of New London at New London, Docket No. 529214 (August 5, 1994, Leuba, J.) ("Because defendant . . . has not moved to open the default pursuant to Practice Book § 376, his answer and special defense are not properly before the court. Thus, the court need not address the plaintiff's motion to strike . . . since no special defense is before the court.").
PICKETT, J.